IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN WOODARD,

      Plaintiff,

v.                                           Case No. 17-1246-JTM

MARK A. COLLINS, and
GEICO INDEMNITY COMPANY,
*A foreign corporation,*

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on a Motion to Sever and Remand (Dkt. 10) by defendant GEICO and a Motion to Remand (Dkt. 14) by plaintiff Woodard. For the reasons set forth herein, the court will remand the entire action to state court.

This action was initially filed by Woodard in the Eighteenth Judicial District in Sedgwick County, Kansas. The petition included some claims relating to an auto accident and other claims relating to insurance coverage for the accident. GEICO removed the case on September 29, 2017, alleging diversity jurisdiction. (Dkt. 1). Shortly thereafter, GEICO, citing 28 U.S.C. § 1441(c)(2), requested that the court sever and retain jurisdiction of the insurance claims but remand the accident claims to state court. GEICO acknowledged that the parties on the insurance claim were diverse but the parties on the contract claim were not. (Dkt. 10). Woodard argued in response that diversity jurisdiction was lacking and the entire case should be remanded. (Dkt. 15). GEICO now concedes that federal jurisdiction is lacking and that remand of the entire

case is required. (Dkt. 17). The only remaining issue is whether attorney's fees should be awarded to Woodard pursuant to 28 U.S.C. § 1447(c).

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees "should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. District courts retain discretion to consider whether unusual circumstances warrant a departure from the general rule. *Id*.

The court concludes that GEICO lacked an objectively reasonable basis for removal. In its brief, GEICO concedes it believed removal was proper based upon a version of § 1441(c) that was changed in 1990. While there is no hint of bad faith in GEICO's conduct — in fact, GEICO has commendably and forthrightly conceded its error — the court must conclude that the removal under these circumstances lacked an objectively reasonable basis in the law.

**IT IS THEREFORE ORDERED** this 13th day of November, 2017, that plaintiff's Motion to Remand (Dkt. 14) is GRANTED. GEICO's Motion to Sever and Remand (Dkt. 10) is DENIED as moot. IT IS FURTHER ORDERED that plaintiff shall recover of GEICO his costs and actual expenses, including attorney's fees, reasonably incurred as a result of the removal and remand.

The action is hereby REMANDED to the District Court of the Eighteenth Judicial District of the State of Kansas. The clerk shall mail a certified copy of the order of remand to the clerk of the state court.

                                           ___s/ J. Thomas Marten_____
                                           J. THOMAS MARTEN, JUDGE